```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

ENOCH DONNELL HALL,

        Plaintiff,

v.                                Case No. 3:15-cv-824-J-39JRK

JOHN PALMER, etc.; et al.,

        Defendants.
_____

### **ORDER**

Before the Court is Plaintiff's Motion to Compel (Doc. 77; Motion) and Notice as to the Motion to Compel (Doc. 89; Notice).[1] Defendants have responded to the Motion (Doc. 81; Response). Plaintiff is a death row inmate confined at Florida State Prison (FSP) proceeding on a Fourth Amended Complaint prepared by counsel (Doc. 22; FAC). In his FAC, Plaintiff alleges his conditions of confinement differ from similarly-situated death row inmates. See FAC at 6. Plaintiff describes his confinement status as "quasi-punitive" and created to punish rather than to address valid security concerns. Id. at 7. Plaintiff alleges his visitation privileges were improperly revoked, and his outdoor recreation

---

[1] While Plaintiff's Motion was pending, the parties jointly moved for a two-day extension of time to file dispositive motions, which the Court granted. See Order (Doc. 85). Because the parties' request for an extension of time was not motivated by the outstanding discovery dispute, the Court ordered Plaintiff to file a notice advising whether the Motion was moot. In the Notice, Plaintiff narrows the scope of the discovery dispute for this Court's consideration.

time differs from that enjoyed by similarly-situated inmates. Id. at 7-8. He also asserts a claim for excessive force against Defendants Simmons and Ellis. Id. at 14.

In his Motion, Plaintiff requests that the Court order Defendants to provide complete responses to Plaintiff's first request for production of documents (RFP), strike Defendants' boilerplate objections, and require Defendants to produce a privilege log. See Motion at 1. Plaintiff seeks disclosure of documents responsive to multiple requests: RFP numbers 1, 3-6, and 8-25. Id. In his Notice, Plaintiff concedes a number of the requests are now moot given Defendants' representations that they have no other responsive documents. See Notice at 3.[2] Accordingly, as to RFP numbers 1, 3-6, 8-9, 11-13, 15-21, 24, and 25, Plaintiff's Motion is due to be denied in part as moot.

Plaintiff continues to object to Defendants' failure to provide a privilege log and identifies four requests that remain at issue: RFP numbers 10, 14, 22, and 23. See id. These requests are set forth below, followed immediately by Defendants' original objection/response to each:

---

[2] Plaintiff questions the veracity or completeness of Defendants' representations that they have no other documents available to disclose in response to RFP numbers 8, 18, 19, and 20. See Notice at 2, 3. However, Defendants represent they have responded to these discovery requests to the extent they are able, and there are no other documents responsive to the requests. See Response at 7, 16-18.

2

**RPF No. 10 & Objections:**

All documents since March 23, 2011, relating to other lawsuits, claims, or adversarial proceedings in which you are or have been involved as a plaintiff, defendant, claimant, respondent or any other party or petitioner, including but not limited to, pleadings, depositions, statement, transcripts, court filings and decrees, settlement agreements or mediation agreements.

> OBJECTION ONE: See Question 1, Objection One [Objection is made to producing certain information that is confidential and/or presents a security risk if released and which is irrelevant and not likely to lead to relevant admissible evidence. <u>See e.g.</u> <u>Metro Pony, LLC v. City of Metropolis</u>, 2011 WL 2729163 *2 (S.D. Ill. 2011)(Discovery does not, however, extend to irrelevant matters that are not likely to lead to discovery of admissible evidence). The information requested that is confidential under Florida law poses a potential security threat which far outweighs Plaintiff's need for the information requested when the interests are weighed under the applicable balancing test. <u>See</u> § 119.071(4)(d)2.a.(I), Fla. Stat.; § 945.10, Fla. Stat.; <u>Coughlin v. Lee</u>, 946 F.2d 1152, 1160 (5th Cir. 1991). Any such information shall be redacted prior to review of these documents, including but not limited to, the following [internal bulleting omitted]: employee numbers; dates of birth, addresses, phone numbers; social security numbers; screen print identifiers; user, system, and terminal IDs; computer codes.

> OBJECTION TWO: Request is overly broad, unduly burdensome, irrelevant, a security risk, and unlikely to lead to admissible evidence.

> OBJECTION THREE: Production of many of the requested documents would violate attorney client privilege and HIPAA.

**RFP No. 14 & Objection/Response:**

All documents that you intend to use for impeachment purposes at the trial of this matter.

OBJECTION ONE: See Question 1, Objection One.

RESPONSE: At this time, no such documents are prepared or known. If or when such documents become prepared or known, they will be provided to Plaintiff's counsel, subject to any objections.

**RFP No. 22 & Objections:**

All medical documents generated as a result of the events of May 21, 2014.[3]

OBJECTION ONE: See Question 1, Objection One.

OBJECTION TWO: The request is overly broad, and additionally the Plaintiff is entitled to obtain his own medical files from his facility, as such the Defense should not be burdened with its production.

**RFP No. 23 & Response:**

Plaintiff's FSP medical file from March 23, 2011 to the present.

RESPONSE: See Question 22.

See Motion at 12-13, 15, 20, 21.[4]

In their Response, Defendants assert Plaintiff's counsel did not confer with defense counsel with respect to RFP no. 10 (documents related to other lawsuits). See Response at 9-10. Notably, Plaintiff's counsel certifies in his Motion that he

---

[3] Plaintiff alleges Defendants Simmons and Ellis beat him with a metal object on May 21, 2014, causing extreme pain in his left hand and wrist. See FAC at 8.

[4] Plaintiff provides a copy of the complete RFP sent to Defendants (Doc. 77-1). The Court will cite to the Motion, Notice, and Response, as necessary, when referencing the individual requests and objections/responses.

4

conferred in good faith with defense counsel on all issues raised in the Motion. See Motion at 23. In fact, Plaintiff's counsel references "multiple" discussions. See id. at 1 n.1, 5 n.6. Defendants also assert RFP no. 10 is overly-broad and unduly burdensome because the requested documents are stored in inmate files, not in personnel files. See Response at 10. Defendants do not claim, as they did in their discovery response, that the requested documents contain confidential or privileged information. See id.

Upon review, the Court finds Plaintiff's RFP no. 10 seeks information that is likely to lead to the discovery of admissible evidence. Defendants' objection in their Response that the request is overly-broad and unduly burdensome is unpersuasive and, therefore, overruled. The Court also overrules Defendants' general boilerplate objections asserted in their discovery response. See Polycarpe v. Seterus, Inc., No. 616CV1606ORL37TBS, 2017 WL 2257571, at *2 (M.D. Fla. May 23, 2017) ("Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit .....") (collecting cases).

As to RFP no. 14, at the time of their Response, Defendants acknowledged they would be disclosing the "Penitentiary Pack." See Response at 13. Defendants assert they disclosed all other known documents but would continue to disclose relevant materials if

5

"any further documents are located." Id. To the extent Defendants have in their possession documents responsive to this request, they shall provide them to Plaintiff's counsel subject to proper objections.

As to RFP numbers 22 and 23, Defendants assert Plaintiff did not complete a medical waiver, and it is easier for Plaintiff to obtain his own medical records from his institution. See Response at 19-20. Plaintiff's counsel states in his Notice that he provided an executed medical release to defense counsel on October 25, 2018, and he attaches as an exhibit the medical release along with the email he sent to defense counsel (Doc. 89-1). See Notice at 3. The Court finds the requested documents are relevant and subject to disclosure. Defense counsel's objections that the request is overly-broad and Plaintiff can obtain the records himself are overruled. See Polycarpe, 2017 WL 2257571, at *2. Defense counsel shall provide the requested documents to Plaintiff's counsel.

Finally, Plaintiff asserts a privilege log is required because he is unable to determine whether the disclosed documents have been redacted and, if so, on what basis. See Notice at 3; Motion at 9 n.7 ("Defendants provide no explanation or support showing that any specific request is "vague," "overbroad," or "unclear."). Defendants assert in their Response they "have not claimed any privileges [and] therefore no privilege log exists." See Response at 22. Defendants also state, however, that "any

6

redactions made were based on medical issues, security issues, or trade secret issues." Id. To the extent Defendants withheld on the basis of a privilege any information otherwise discoverable, they shall submit to Plaintiff's counsel a privilege log in compliance with Rule 26(a)(5), Federal Rules of Civil Procedure. Otherwise, they shall certify in writing to Plaintiff's counsel that no information was withheld under Rule 26(a)(5).

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion is **DENIED in part as moot** and **GRANTED in part**. Plaintiff's motion is **DENIED in part as moot** with respect to RFP numbers 1, 3-6, 8-9, 11-13, 15-21, 24, and 25. Plaintiff's Motion is **GRANTED** to the extent the Court overrules Defendants' boilerplate objections to RFP numbers 10, 14, 22, and 23.

2. Defense counsel shall respond to RFP numbers 10, 14, 22, and 23, asserting only appropriate objections consistent with the Federal Rules of Civil Procedure and relevant case law, no later than **April 29, 2019**. Also by **April 29, 2019,** defense counsel shall submit to Plaintiff's counsel a privilege log under Rule 26(a)(5), or certify in writing that no information was withheld under Rule 26(a)(5).

3. Plaintiff's counsel and defense counsel shall submit a joint notice to the Court upon Defendants' compliance with this

Order, advising whether the pending motions for summary judgment (Docs. 86, 87) are ripe for this Court's review.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of March, 2019.

JAMES R. KLINDT
United States Magistrate Judge

Jax-6
c:
Counsel of Record